ERVIN, Justice.
We review an order of the Florida Industrial Commission reversing an order of the Deputy Commissioner in this case.
The Deputy Commissioner, after a hearing in the case, found: The claimant, Ernest Cooper, a minor, was injured on April 29, 1966 when he was thrown into the power take-off of a tractor he was driving; that he was hired by employer, Waverly Growers Co-Operative, along with his father, as a fruit picker; that prior to the accident Claimant had been seen on the tractor and told by his father and one Joe Cooper, his foreman, to stay off the tractor; that, nevertheless, the Claimant drove it again for the purpose of bringing fruit baskets in the grove to the vicinity where the pickers were picking; that (quoting the Deputy)
“the testimony is not clear just what claimant was doing at the time of his accident when he was knocked off the tractor and thrown into the power takeoff, but there was a key in the ignition. There was conflict in the testimony as to whether or not a key to the tractor was obtained from the employee’s immediate supervisor, but it is irrelevant to the question before the undersigned Deputy Commissioner as to whether or not the key was obtained from the employer or was merely left in the tractor’s ignition switch.”
The Deputy then states in his order the employer-carrier defended on the ground that Claimant violated instruction not to drive the tractor.
The Deputy concluded:
“Based upon the evidence I find that there was no wilful intent by the claimant to injure himself and negligence is not a defense in workmen’s compensation cases. The claimant testified that at the time of his injury he was in the process of delivering baskets to the pickers and there was no evidence offered by the employer-carrier that he was not performing some act calculated to further the interest of the employer at the time. It is no defense that an employee was not doing exactly what he had been instructed to do by the employer, at the time of an injury. I, therefore, find that the claimant had an accident arising out of and in the course of his employment with the employer.”
*198 The Deputy ordered employer-carrier to pay Claimant temporary total compensation at the rate of $21 a week from April 29, 1966 through October 11, 1966, and to continue such benefits until Claimant reaches maximum medical improvement. All present and future medical bills incurred as a result of Claimant’s injuries as well as the cost of the proceedings were ordered paid by Employer-carrier. Jurisdiction was retained for purpose of making final determination of Claimant’s permanent disability and determination of a reasonable fee for Claimant’s attorney.
On review the full Commission majority reversed. It was of the opinion the Deputy erred in not holding Claimant deviated from his employment as a matter of law. It said it was aware of the holding in Julian v. Port Everglades Terminal Company (Fla.), 135 So.2d 423, that when an employee performs services outside his regular employment, in good faith, to advance the employer’s interest and suffers injury as a result, said injury is compensable, but that in the instant case Claimant was forbidden to perform the activity (drive the tractor to haul fruit tubs or baskets to pickers) outside his employment of picking fruit. It cites Larson’s Workmen’s Compensation Law, 1-A, Section 31.14(a), page 464, to the effect that where the unrelated job is positively forbidden compensation is denied.
In a dissenting opinion Commissioner Lightsey said:
“Although there is evidence in the record that the employer instructed the claimant to stay off the tractor, there is also competent substantial evidence the employer gave the claimant a key to the tractor just prior to the accident thus inferring, in my opinion, that the employer acquiesced in the claimant’s operation of the tractor. I am aware that this approach is different than the theory used by the deputy commissioner in his Order, but, to my mind, it supports his ultimate conclusion that the accident arose out of and in the course of the claimant’s employment. There is little doubt that the tractor, as used by the claimant, was in the furtherance of the employer’s business. There is nothing in the record that contradicts this position or any evidence that the claimant was merely ‘joyriding’ or ‘playing around’ on the tractor. The evidence is uncontra-dicted that the claimant was using the tractor to pick up ‘tubs’ and haul them out of the grove or to positions in the grove where they were used in the fruit picking operation. It was while the claimant was on such a mission, i. e., to pick up ‘tubs,’ that he lost control of the tractor and was injured. * * * ”
Our view of the case differs from that of the Deputy, of the majority of the Commission, and of Commissioner Lightsey. We think that it is possible for a finding to be made by the Deputy on the question whether or not at the time of Claimant’s injury Claimant was permitted by his employer or its supervisor to operate the tractor. From the facts in the present record and from those which apparently may be supplementally available, it does not appear that it is necessary for the case to be resolved on the basis of a presumption or on a matter of law, i. e., on the one hand, though acting outside his particular job, Claimant was in good faith furthering his employer’s interest by driving the tractor; or, on the other hand, having been priorly positively forbidden to drive the tractor, compensation as a matter of law must be denied Claimant. It appears there are evi-dentiary matters unresolved by the Deputy which could be resolved by him concerning whether the Claimant’s immediate supervisor, one Brandom Williams, gave him the key to start and drive the tractor on which he was injured; or, with knowledge, otherwise consented or acquiesced in Claimant’s operating the tractor at the time of the injury to advance his employer’s interest in connection with the picking of citrus fruit. We think a further evidentiary hearing on this specific issue is in order and a definite finding thereon should be made by the Deputy. If the Deputy’s finding is favor *199 able to the Claimant his award should stand, otherwise he should deny the claim, subject, of course, to the right of the aggrieved party to seek review.
The order of the full Commission is quashed and the case remanded for proceedings in accordance with this opinion.
DREW, THORNAL and ADAMS (Ret.), JJ., and SPECTOR, District Judge, concur.
CALDWELL, C. J., and ROBERTS, J., dissent.